UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAEMON JENKINS,

                              Petitioner,

                    -v-

MICHAEL CAPRA, Superintendent,
Sing Sing Correctional Facility,

                              Respondent.

23 Civ. 8274 (PAE) (RWL)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner Daemon Jenkins, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Before the Court is the November 21, 2024 Report and Recommendation of United States Magistrate Judge Robert W. Lehrburger, recommending that Jenkins's petition be dismissed as procedurally barred, without merit, or both. Dkt. 21 (the "Report"). For the reasons that follow, the Court adopts Judge Lehrburger's recommendation and dismisses this action.

I.    **Background**

The Court incorporates by reference the Report's summary of the trial and the case's history. *See* Report at 2–12. The following account is limited to background necessary to the limited issue presented.

In 2018, Jenkins was convicted in New York state court on four counts of unlawful firearm sales and one count of conspiracy to sell 10 or more firearms. *See id.* at 2. Before sentencing, Jenkins filed a *pro se* motion to set aside the verdict under New York Criminal Procedure Law ("NYCPL") § 330.30, arguing that the evidence was legally insufficient to

convict. *See id.* at 10. The state court denied the motion and sentenced Jenkins to a 12-year prison term. *See id.*

Jenkins appealed. *See id.* He argued that because he had been in Virginia at the time of the firearms sales, the New York state court lacked jurisdiction over the case. *See id.* at 10–11. He further argued that there was insufficient evidence that he had sold or conspired to sell firearms in New York. *See id.* at 11. The Appellate Division, First Department, rejected his claims and upheld the conviction. *See id.* The New York Court of Appeals denied leave to appeal. *See id.*

On September 10, 2023, Jenkins, *pro se*, filed the instant habeas petition under 28 U.S.C. § 2254. Dkt. 1. He raises three claims: that the New York state court lacked jurisdiction over the case; that the trial court erred in sentencing him for the conspiracy charge because that court ostensibly had found insufficient evidence to support that charge; and that there was insufficient evidence on the unlawful firearms sales charge.

On October 23, 2023, this Court referred the case to Judge Lehrburger. Dkt. 5. On January 24, 2024, the State opposed the petition, arguing that Jenkins's claim is procedurally barred and/or meritless. Dkt. 9. On April 30, 2024, Jenkins replied. Dkt. 17. On November 21, 2024, Judge Lehrburger issued a Report recommending that the Court dismiss the petition. Dkt. 21.

## II.    Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of

the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009), *aff'd*, 453 F. App'x 88 (2d Cir. 2011)); *see also, e.g.*, *Mims v. Walsh*, No. 4 Civ. 6133, 2012 WL 6699070, at *2 (S.D.N.Y. Dec. 23, 2012) (quoting *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006)).  Here, because Jenkins filed no objections to the Report, review for clear error is appropriate.

The Court addresses, in turn, Jenkins's challenges as set forth in his petition.

First, Jenkins argues that the New York state court violated federal law by exercising jurisdiction over the case.  The Report first recommends that the Court dismiss the claim as procedurally barred.  It finds that Jenkins did not exhaust this claim, as required by § 2254, because, in state court, he did not present his challenge to jurisdiction as a violation of federal law.  Report at 17 (citing *Carvajal v. Artus*, 633 F.3d 95, 104–05 (2d Cir. 2011) ("When a habeas applicant fails to exhaust his federal constitutional claim in state court . . . this Court will generally be barred from granting habeas relief.").  The Court adopts this analysis.  *See* Dkt. 1 at 4 (invoking "statutory and constitutional provisions and applicable case law"); *see also* Dkt. 17 at 2 (Pet. Reply) (invoking "the United States Constitution").

It would not assist Jenkins to present his jurisdictional challenge as a violation of state law, as he did in state court.  Under § 2254, relief is available only where a petitioner shows that "he is in custody in violation of the Constitution or laws . . . *of the United States*." 28 U.S.C. 2254(a) (emphasis added); *see also Brown v. Davenport*, 596 U.S. 118, 136 (2022).  Jenkins pursued and exhausted that argument in state court, arguing that the prosecution exceeded the state court's jurisdiction under NYCPL § 20.60.  But as the Report concludes, that argument fails on the merits, because where the effects of certain crimes are felt within the state, New York

may exercise territorial jurisdiction to prosecute "[e]ven though none of the conduct constituting

such offense may have occurred within this state." NYCPL § 20.20(2); *see also People v.*

*McLaughlin*, 80 N.Y.2d 466, 471 (1992) (New York has jurisdiction to prosecute a defendant for

criminal conduct when "either the alleged conduct or some consequence of it . . . occurred within

the State."). That standard was met here because there was evidence that Jenkins intended for

the guns to be sold in New York, including recorded phone calls in which Jenkins and a co-

conspirator discussed the co-conspirator "go[ing] to New York" to further the gun trafficking

operation, and, in any event, there was evidence that a co-conspirator sold firearms to an

undercover officer in New York. Report at 20. It is thus wrong that no reasonable factfinder

could have found the jurisdictional element of the crimes charged. *See Jackson v. Virginia*, 443

U.S. 307, 324 (1979).

Second, Jenkins challenges the sufficiency of the evidence on the firearms conspiracy

count, claiming to be supported by statements by the state court. Dkt. 1 at 5. However, as the

Report notes, Jenkins is no longer in custody on that count. *See* Report at 21. He is instead

serving his sentence on the firearms sales counts. That argument therefore cannot secure him

habeas relief.

Finally, Jenkins challenges the sufficiency of the evidence on the firearm sales counts.

Dkt. 1 at 5–6. The Report, however, thoroughly considered and rejected this claim. As the

Report noted, the Appellate Division, reviewing the same claim, found that "'testimony,

documentary evidence, and intercepted communications showed that [Jenkins] and several

accomplices engaged in a firearm trafficking operation' to pick up guns from southern states and

sell them in New York, and that the recorded conversations 'viewed as a whole, supported

reasonable inferences that [Jenkins] knowingly supplied the accomplice with four firearms' for

sale in New York." Report at 27 (quoting state court record). The Report rightly concluded that the state court's decision was not "objectively unreasonable," *Parker v. Matthews*, 567 U.S. 37, 45 (2012) (per curiam), and thus rejected the claim that "no rational trier of fact could find guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 317. This claim, too, cannot secure § 2254 relief.

## CONCLUSION

The Court adopts the Report's recommendation to dismiss the petition for habeas corpus. Jenkins's failure to file timely written objections, as noted in the Report, precludes appellate review of this decision. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court respectfully directs the Clerk of Court to terminate all pending motions and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 11, 2024
New York, New York